CL

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

MARK COCCHIOLA

        and

STEVEN VENECHANOS,

        Defendants.

Civil Action No. 2:05CV3450 (SRC)

## FINAL JUDGMENT AS TO DEFENDANT MARK COCCHIOLA

Plaintiff United States Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Mark Cocchiola ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction, which he admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2], by (a) making or causing to be made a materially false or misleading statement; or (b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (1) any audit, review, or examination of the financial statements of any issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] or (2) the preparation or filing of any document or report required to be filed with the Commission.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting, directly or indirectly, any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to any issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] that files or causes to be filed with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the

4

Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting, directly or indirectly, any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], by knowingly providing substantial assistance to any issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or to any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that:

(a) fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded

as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement in the amount of $4,834,565.00 together with prejudgment interest in the amount of $2,446,952.74, which constitutes Defendant's profits and the interest thereon from the unlawful conduct alleged in the Complaint, which is encompassed in the conduct for which he was convicted in the parallel criminal action captioned *United States v.*

6

*Mark Cocchiola and Steven Venechanos*, Criminal Action No. 2:05-CR-00533-SRC (D.N.J.), and that the payment of disgorgement plus prejudgment interest in this case shall be and is deemed satisfied by the order of restitution against the Defendant entered in the parallel criminal action. Based upon the sanctions imposed in the parallel criminal action, the Court is not ordering Defendant to pay a civil penalty.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Mark Cocchiola is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 1, 2009
Newark, New Jersey

_____
UNITED STATES DISTRICT JUDGE